**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000386**
**05-FEB-2021**
**07:51 AM**
**Dkt. 40 SO**

NO. CAAP-19-0000386

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
TIMOTHY KELLEHER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-18-01270)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Timothy Kelleher (**Kelleher**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on May 25, 2018 (**Judgment**),[1] and the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on April 17, 2019 (**Final Judgment**),[2] in the District Court of the First Circuit, Honolulu Division (**District Court**). Kelleher was convicted of Operating a vehicle under the influence of an

---

[1] The Honorable Sherri-Ann Iha presided.

[2] The Honorable Summer Kupau-Odo presided.

intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2019).[3]

Kelleher raises three points of error on appeal, contending that: (1) the District Court abused its discretion in allowing Honolulu Police Department Officer Ty Ah Nee (**Officer Ah Nee**) to testify as to Kelleher's alleged speed because the State of Hawaiʻi (**State**) failed to lay the requisite foundation for Officer Ah Nee's testimony; (2) the District Court erred in denying in part Kelleher's motion to suppress; and (3) without the improperly admitted evidence, there was no substantial evidence to support Kelleher's conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kelleher's points of error as follows:

(1) The Hawaiʻi Supreme Court has held that to establish that an officer was properly qualified to operate a laser speed-reading gun "requires a showing as to both (1) the training requirements set forth by the manufacturer, and (2) the

---

[3]    HRS § 291E-61(a)(1) provides:

> **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

training actually received by the operator of the laser gun." State v. Apollonio, 130 Hawaiʻi 353, 362, 311 P.3d 676, 685 (2013).

Citing State v. Rezentes, CAAP-15-0000294, 2016 WL 6330390, *1 (Haw. App. Oct. 28, 2016) (SDO), Kelleher argues that Officer Ah Nee's testimony regarding the manufacturer of the subject LIDAR speed-reading device was incorrect because the subject laser device was manufactured by Applied Concepts, not Stalker; and thus, Officer Ah Nee's testimony lacked the proper foundation as to the training required by the manufacturer to operate the device. In Rezentes, this court held that the State established, through an officer's testimony, that the officer's "*training* in the use of the Stalker radar gun met the requirements indicated by the manufacturer," Applied Concepts. Id. at *1 (underlined emphasis added). Rezentes involved a radar gun which was tested by, *inter alia*, using a tuning fork. Rezentes, 2016 WL 6330390 at *2. This case involves a LIDAR laser device; Officer Ah Nee testified, *inter alia,* as to four tests used to establish that the device was working properly (none of which used a tuning fork, as used to calibrate the radar device at issue in Rezentes). Therefore, Rezentes cannot be the basis for determining the manufacturer of Officer Ah Nee's LIDAR laser device in this case.

Here, Officer Ah Nee testified, *inter alia*, that he was trained by Steve Hawker, one of the engineers that designed the

Stalker XLR LIDAR device, a laser device, that Officer Ah Nee used to measure Kelleher's speed. Officer Ah Nee testified as to how he was trained by, *inter alia*, going over the manufacturer's manual word-by-word. He specifically testified that the manual was published or approved by the manufacturer, and he knew that because the manual had the manufacturer's name on it (Stalker), the company logo, insignia, and copyright information, and that his training followed the manual. Kelleher points to no conflicting evidence, and we find none; Kelleher does not otherwise contend that the actual training received by Officer Ah Nee in the operation of the laser gun was insufficient. Thus, we reject Kelleher's argument that the State failed to meet its foundational burden in this regard. Based upon our review of the entirety of Officer Ah Nee's testimony, we conclude that the District Court did not abuse its discretion in allowing Officer Ah Nee to testify as to Kelleher's speed as measured by the LIDAR device at issue in this case.

(2) Kelleher argues that the testimony concerning observations of Kelleher's performance on a field sobriety test should have been suppressed because he was not advised of his pre-arrest right to remain silent, as required by State v. Tsujimura, 140 Hawaiʻi 299, 400 P.3d 500 (2017), and he was not advised of his Miranda rights when he was subjected to custodial

interrogation.[4]  Tsujimura is inapplicable to this case because Kelleher was asked to participate in, and Kelleher agreed to participate in, the field sobriety test, and the State did not seek to introduce and use evidence of Kelleher's silence against him at trial.  State v. Uchima, 147 Hawaiʻi 64, 83, 464 P.3d 852, 871, (2020).  We note that the District Court granted in part Kelleher's motion to suppress, suppressed his other statements, and only allowed evidence of Kelleher's non-verbal responses, *i.e.,* Kelleher's physical performance on the field sobriety test.  Kelleher's physical performance on the field sobriety test did not constitute incriminating statements or result from an interrogation requiring Miranda warnings.  Id. at 84-85, 464 P.3d at 872-73; see also State v. Wyatt, 67 Haw. 293, 302-03, 687 P.2d 544, 551 (1984).  Accordingly, we conclude that the District Court did not err in denying in part Kelleher's motion to suppress.

(3)  Kelleher contends that, without the above-referenced improperly admitted evidence, there is insufficient evidence to convict him of OVUII.  As we have rejected Kelleher's arguments that this evidence was improperly admitted, we conclude that Kelleher's final point of error is without merit.

---

[4]    See Miranda v. Arizona, 384 U.S. 436 (1966).

For these reasons, the District Court's May 25, 2018 Judgment and April 17, 2019 Final Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, February 5, 2021.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge